DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Melvin H. Bancheck, Administrator of the Estate of Keith L. Ferrell | ) ) ) | CASE NO. 1:06CV3108 |
| Plaintiff(s), | ) ) ) | MEMORANDUM OPINION |
| v. | ) ) | AND ORDER |
| United States of America | ) ) | |
| Defendant(s). | ) | |

Before the Court is the motion to dismiss filed by defendant United States of America (Doc. No. 5), plaintiff's memorandum in opposition (Doc. No. 8), and defendant's reply (Doc. No. 9). For the reasons discussed below the motion is granted.

**I. BACKGROUND**

On December 29, 2006, Melvin H. Bancheck, Administrator of the Estate of Keith L. Ferrell, filed a complaint against the United States of America in this court (Doc. No. 1) alleging that plaintiff's decedent "was killed as the result of a multi-vehicle accident, which accident was caused, in whole or in major part, by the negligence of The Department of Interior...in the design, construction, and maintenance of the 'Baltimore-Washington Parkway.'" (Compl. ¶ 4). Plaintiff's claim is brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. Defendant argues that plaintiff's claim falls within the discretionary function exception set forth in the FTCA, 28 U.S.C. § 2680(a), and because plaintiff's claim falls within this exception the District Court lacks subject matter jurisdiction.

(1:06 CV 03108)

## **II. DISCUSSION**

Through the enactment of the FTCA, Congress has waived the United States' immunity from certain suits for injury caused by Government employees. However, this waiver "does not apply to any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government...If the discretionary-function exception applies, and Congress has not otherwise waived the United States' immunity, then the court lacks subject matter jurisdiction over an action." Sharp ex rel. Estate of Sharp v. United States, 401 F.3d 440, 443 (6th Cir. 2005). To determine whether the United States is immune from suit under the discretionary function exception the Court uses a two-step analysis. The first step determines "whether the challenged act or omission violated a mandatory regulation or policy that allowed no judgment or choice. If so, the discretionary function exception does not apply..." Id. at 443 (quoting Rosebush v. United States, 119 F.3d 438, 441 (6th Cir. 1997)). If the challenged action is discretionary, the Court must then determine "whether the conduct is of the kind that the discretionary function exception was designed to shield," that is, conduct that reflects "the political, social, and economic judgments of an agency in exercising its regulatory function." Rosebush, 119 F.3d at 441 (quoting United States v. Gaubert, 499 U.S. 315, 322-23 (1991)).

In a suit brought under the FTCA the burden of establishing subject matter jurisdiction initially falls on the plaintiff. "Only after a plaintiff has successfully invoked jurisdiction by a pleading that facially alleges matters not excepted by § 2680 does the burden fall on the government to prove the applicability of a specific provision of 28 U.S.C.S. § 2680." Carlyle v.

2

(1:06 CV 03108)

United States, Dep't of Army, 674 F.2d 554, 556 (6th Cir. 1982). In Wright v. United States, No. 95-5175, 1996 U.S. App. LEXIS 12438, at *9 (6th Cir. Apr. 11, 1996) (per curiam), the Sixth Circuit Court of Appeals affirmed the lower court's decision which stated conclusively "the complaint must allege facts sufficient to indicate the presence of subject matter jurisdiction." Further, "the complaint must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime" of the United States agency that plaintiff claims is responsible for his/her injury. Id. at *9.

In the case at hand, plaintiff's complaint alleges that plaintiff's decedent was driving on a highway maintained by the Department of the Interior when he was killed, and that his death was due, all or in major part, to the Department of Interior's negligence in designing, constructing and maintaining the highway. (Compl. ¶ 4). There is no indication in the complaint of what defect in the design, construction, or maintenance allegedly contributed to decedent's death, nor is there any indication of what actions taken by the Department of the Interior contributed to creating the defect that was allegedly responsible for decedent's accident. Before determining whether a challenged action falls within the discretionary function exception to the FTCA, a plaintiff must specify what action of the United States he is challenging. As plaintiff in instant case has not provided any allegations indicating what action of the United States or its employees he is challenging, it is impossible to determine whether the action falls within the discretionary function exception, and therefore impossible to determine whether subject matter jurisdiction exists. "In response to a motion to dismiss under 12(b)(1), the plaintiff bears the

(1:06 CV 03108)

burden of proving jurisdiction." Hollins v. Methodist Healthcare, Inc., 474 F.3d 223, 225 (citing Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990)).  Plaintiff has not met this burden.

Plaintiff argues in his opposition to defendant's motion to dismiss that defendant's 12(b)(1) attack on the complaint is a facial attack and therefore plaintiff is entitled to have his allegations taken as true. (Opp'n to Def.'s Mot. to Dismiss 3).  It is true that in reviewing a facial attack "a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." Ohio National Life Insurance Company v. United States, 922 F.2d 320, 325 (6th Cir. 1990).  However, plaintiff's complaint does not contain any factual allegations that, if taken as true, would establish subject matter jurisdiction for purposes of a claim brought under the FTCA.  Plaintiff does not allege any mandatory law exists that governs the design, construction or maintenance of the Baltimore Washington Parkway, nor does plaintiff allege any facts that support a connection between the Parkway's design, construction, or maintenance and decedent's accident.

Defendant's motion to dismiss, however, does allege there is no mandatory statute, regulation, or policy prescribing a specific course of action respecting Baltimore Washington Parkway's design, construction or maintenance that would protect a decision regarding the Parkway's design, construction or maintenance from the discretionary function exemption. Defendant points to a case from the Sixth Circuit Court of Appeals, Rich v. United States, 119 F.3d 447 (6th Cir. 1997), that is similar to the instant case, in which the Court of Appeals affirms the lower court's decision to grant a motion to dismiss for lack of jurisdiction under Fed. R. Civ.

(1:06 CV 03108)

P. 12(b)(1). In Rich, the plaintiff claimed negligence in the design, construction and maintenance of a guardrail maintained by the National Park Service, but the Court found that the National Park Service's decision regarding the highway's guardrail system was "precisely the type of governmental decision that Congress intended to insulate from judicial second guessing through tort actions for damages." Id. at 451 (quoting Baum v. United States, 986 F.2d 716, 724 (4th Cir. 1993)).

In his opposition to defendant's motion to dismiss plaintiff had the opportunity to present information that would support the contention that this Court has subject matter jurisdiction over this suit. Plaintiff also had the opportunity to rebut arguments made by defendant. However, plaintiff presented no new factual allegations, no affidavits, nor any support whatsoever for the claim that the discretionary function exception does not apply in this case and this Court has subject matter jurisdiction, nor did plaintiff seek leave to amend his complaint. Instead, plaintiff simply reminded the Court of the differences between a 12(b)(1) facial attack, a 12(b)(1) factual attack, and a 12(b)(6) motion to dismiss.

Because plaintiff did not include any factual allegations regarding what conduct of defendant is being challenged in his complaint or in his opposition to defendant's motion to dismiss, he has not met his burden of establishing subject matter jurisdiction.[1]

---

[1] As to defendant's amendment to its motion to dismiss to include a provision to dismiss for failure to state a claim upon which relief can be granted, this Court cannot decide such a motion without first establishing subject matter jurisdiction and since that has not been established, the Rule 12(b)(6) motion is moot.

(1:06 CV 03108)

## **III. CONCLUSION**

For the reasons discussed herein, defendant's Rule 12(b) motion to dismiss (Doc. No. 5) is granted.

IT IS SO ORDERED.

| | |
|---|---|
|   June 8, 2007 |   *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |